## Commonwealth v. Welshans

*Kenneth Osokow, assistant district attorney,* for the Commonwealth.

*Eric R. Linhardt* and *George E. Lepley Jr.,* for defendants.

KIESER, *J.,* April 22, 1992—

## OPINION AND ORDER

The following opinion and order are made April 22, 1992, by the court en banc, in consideration of the defendants' motions. The defendant, Craig A. Welshans, has filed a motion generally to suppress evidence obtained in connection with his arrest for driving under the influence of alcohol, specifically, his blood-alcohol-content test result. Similarly, the defendant, Timothy Allen Stugart, through a motion in limine, seeks to prevent the admissibility of his BAC test which was taken in relation to his DUI charge.

## FACTS

The defendant, Welshans, was involved in an automobile accident and taken to a hospital. While at the

hospital, approximately one hour and 50 minutes after the accident, a sample of his blood was removed. That blood was tested. The BAC test result was .16 percent alcohol by weight.

In Stugart's case the police officer, who arrested the defendant, had observed him driving a motor vehicle. The defendant was pulled over and taken to the DUI processing center where a blood sample was drawn pursuant to the defendant's consent. The defendant's blood was drawn 55 minutes after the time the defendant was stopped. The BAC test result was .10 percent alcohol by weight.

## DISCUSSION

Both defendants rely upon recent Pennsylvania Supreme Court decisions in *Commonwealth v. Modaffare,* 529 Pa. 101, 601 A.2d 1233 (1992), and *Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229 (1992), as their basis to prevent the introduction of the blood test results.

This court has heard the defendants' motions en banc to determine: (1) whether prior to the introduction of any BAC test result, the Commonwealth must introduce expert testimony; and (2) whether the Supreme Court of Pennsylvania's recent rulings in *Modaffare* and *Jarman* require the BAC test results, in similar situations, to be excluded from the jury's consideration. The answer to both queries is no.

As noted by Justice Cappy's dissenting opinion in *Jarman,* which is incorporated into *Modaffare,* the Supreme Court of Pennsylvania has remained silent on the issue of requiring the Commonwealth to introduce expert testimony prior to or in conjunction with introducing tes-

timony of blood alcohol tests. *Jarman, supra* at 96, 601 A.2d at 1231. Pennsylvania law does not require such expert testimony. Title 75 of Pennsylvania Consolidated Statutes section 1547(c) provides that the evidence of blood alcohol tests taken pursuant to statutory authority of section 3731 shall be admitted into evidence.[1] In enacting this statute, the Legislature did not require that such results be accompanied by expert testimony. Additionally, we have not found nor have we been directed to any decision by a Pennsylvania court which requires expert testimony as a prerequisite to the introduction of BAC test results. To hold that expert testimony is required would place an extremely difficult if not impossible burden upon the Commonwealth. This fact is acknowledged by the defendants. Such a ruling would have the practical effect of preventing the admission of blood alcohol test results in driving under the influence cases, particularly in those cases where the defendant exercises his constitutional rights not to give incriminating statements or evidence concerning his drinking activities. That result is not required by statute or case law and will not be adopted by this court.

The decisions in both *Jarman* and *Modaffare* are clearly decisions that reviewed and determined the sufficiency

---

1. 75 Pa.C.S. §1547. *Test results admissible in evidence*—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

of the evidence and not the admissibility of a blood test.[2] It is clear that the Supreme Court again chose not to make a ruling that test results, even those taken an hour or more following the driving would automatically be inadmissible. Rather, the Supreme Court left the matter to be determined on a case by case basis given the totality of the circumstances, allowing the trier of fact to determine whether or not the test results, when viewed as part of the whole, would be sufficient to uphold any conviction that might result.

Therefore, the Commonwealth may introduce as evidence the blood test results for each defendant in his respective case without use of expert testimony. In addition, the issue concerning the sufficiency of the evidence to sustain the defendant's conviction will be determined by the trial court based upon all the evidence introduced at trial.

## ORDER

And now, April 22, 1992, the motion of defendant, Welshans, to suppress the evidence of the blood test is denied; the motion in limine of defendant, Stugart, to prevent the Commonwealth from introducing the testimony of the blood test is denied.

---

2. "[T]he evidence of appellant's blood alcohol level *was insufficient* to prove beyond reasonable doubt that his blood alcohol level was equal to or greater than 0.10 percent while driving." *Commonwealth v. Modaffare, supra* at 104, 601 A.2d at 1235. (emphasis added)

"[T]he evidence of appellant's blood alcohol level *was insufficient* to prove beyond reasonable doubt that his blood alcohol level was equal to or greater than 0.10 percent while driving." *Commonwealth v. Jarman, supra* at 95, 601 A.2d at 1230. (emphasis added)